**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Jorge Alejandro ORTIZ-VALDES,**
**Defendant-Appellant**

**No. 16-50113**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 12/07/2016

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

Judy Fulmer Madewell, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant-Appellant

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jorge Alejandro Ortiz-Valdes, federal prisoner # 86843-380, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 70-month sentence for possession of more than five kilograms of cocaine with intent to distribute. Ortiz-Valdes sought a modification of his sentence based on Amendment 782 to the Sentencing Guidelines.

Ortiz-Valdes argues that the district court erred in refusing to reduce his sentence because it did not properly consider the 18 U.S.C. § 3553(a) factors, gave excessive weight to his criminal history and relevant conduct, and did not adequately consider the other § 3553(a) factors or his mitigating arguments. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court is not required to provide reasons for its denial of a § 3582 motion or to explain its consideration of the § 3553(a) factors and is "under no obligation to reduce" a defendant's sentence under § 3582(c)(2). *Evans*, 587 F.3d at 673–74 (quote at 673). In the instant case, the record shows that the district court gave due consideration to the § 3582(c) motion as a whole, considered all of the § 3553(a) factors, and contemplated Ortiz-Valdes's mitigating arguments, including his positive post-sentence rehabilitation efforts; thus, there is no abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011); *Evans*, 587 F.3d at 672–73; *United*

---

*States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995).

Accordingly, the order of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under